IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KIRK FRANKLIN WILLIAMS,**

    Petitioner,

    v.                             CASE NO. 22-3206-JWL-JPO

**LARNED STATE HOSPITAL,**

    Respondent.

## ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Larned State Hospital ("LSH") in Larned, Kansas. Petitioner challenges his detention at LSH. The Court has examined the record and orders Petitioner to show good cause why his Petition should not be dismissed.

**Background**

Petitioner states that he is a pretrial detainee, and it appears his detention may be for evaluation pursuant to an action for involuntary commitment in Saline County, Kansas. In his Petition, Williams lists four grounds for relief. Three are related to the ongoing state court action. He claims that he is being held at LSH "because of what [he] said" in violation of the First Amendment; that he was brought to LSH without a hearing in violation of the Fifth Amendment; and that he has been at LSH for over three months in violation of the Sixth Amendment. He also alleges that he has been strip searched "twice or three times without [a] probable cause warrant" in violation of the Fourth Amendment. As relief, he seeks immediate release and $1,000,000.

**Motion for Leave to Proceed In Forma Pauperis (Doc. 2)**

Petitioner filed a motion for leave to proceed in forma pauperis with his Petition on September 22, 2022.  The next day, the Court issued Petitioner a Notice of Deficiency ("NOD"; Doc. 3), stating that Petitioner failed to file the financial information required by law to support his motion.  The NOD gave Petitioner until October 24, 2022, to correct the deficiency and stated that failure to meet the deadline could result in dismissal of the Petition without further notice.  Petitioner has not responded to the NOD as of the date of this Order.  However, the Court will grant Petitioner provisional leave to proceed *in forma pauperis*.

**Rule 4 Review of Petition**

This mater is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241.  Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition."  Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.  Rule 4 may be applied in the Court's discretion to actions brought pursuant to 28 U.S.C. § 2241.  *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts; *see also Boutwell v. Keating,* 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

**Discussion**

The Court first notes that 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention" *(Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007)) or any detention "pursuant to something other than a judgment of a state court" (*Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)).  However, requests for pretrial habeas corpus relief are not favored.  *Jones v. Perkins*, 245 U.S. 391-92 (1918).

Under 28 U.S.C. § 2254(b)(1), the Court cannot grant an application for writ of habeas corpus on behalf of a person in state custody unless the applicant shows that (1) he has exhausted the remedies available to him in state court or (2) the state corrective process is either unavailable or ineffective. Accordingly, a petitioner challenging pretrial detention is required to fully exhaust the remedies available in the state courts before seeking relief in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (a habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). To satisfy this exhaustion prerequisite, petitioner must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal, by state post-conviction motion, or by state habeas corpus action. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck,* 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper,* 967 F.2d 392, 398 (10th Cir. 1992).

In his petition, Petitioner states that he challenged his detention through a "program grievance," in Salina Municipal Court, and with the privacy officer at LSH. (*See* Doc. 1 at 2-3). He presents no evidence or information that he has exhausted remedies available to him in the Kansas state courts. K.S.A. 60-1501 provides that "any person in this state who is detained, confined or restrained of liberty on any pretense whatsoever . . . may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place." K.S.A. 60-1501(a). Accordingly, the Court finds that Petitioner's claims

should be dismissed, without prejudice to his filing another federal petition once his state remedies have been exhausted.

Additionally, the Court finds the abstention doctrine precludes this Court's intervention in what appears to be Petitioner's pending state civil commitment proceedings.  Federal courts generally should abstain from interfering in state proceedings that (1) are ongoing, (2) offer an adequate forum to hear the petitioner's federal claims, and (3) implicate important state interests. *Younger v. Harris,* 401 U.S. 37, 43 (1971); *see Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982).

If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise.  *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'"  *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'"  *Id.*

The three *Younger* conditions are met in this case.  Petitioner's state civil commitment proceeding is ongoing, and the State of Kansas has an important interest in caring for and treating mentally ill persons.  Finally, the Kansas courts provide Petitioner with an adequate opportunity to present his federal claims.  Thus, it appears that *Younger* requires this Court to decline to interfere in the ongoing state court proceedings in Saline County.

As for Petitioner's claim for damages, damages are not available in a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Such claim must be brought in a lawsuit under 42 U.S.C. § 1983.

Petitioner is therefore directed to show cause, in writing, why this matter should not be dismissed without prejudice for failure to exhaust state remedies and under *Younger*. The failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is provisionally granted.

**IT IS FURTHER ORDERED** that Petitioner is granted until **December 5, 2022**, in which to show good cause why the Petition should not be dismissed without prejudice.

**IT IS SO ORDERED**.

**Dated November 4, 2022, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**